OPINION
The petitioner-appellant, Robert J. Price, Jr. ("appellant"), appeals the judgment of the Logan County Court of Common Pleas denying his writ of habeas corpus. For the following reasons, we reverse the judgment of the trial court.
The pertinent facts and procedural history of this case is as follows. On December 31, 1996, the appellant was convicted of two counts of having weapons while under disability, felonies of the fourth and fifth degree, in violation of R.C. 2923.13. The appellant was sentenced to, and served in full, consecutive sentences of one and one half years for count one and one year for the second count. At the time of sentencing, the appellant was notified that post-release control was an option after he had served his term of imprisonment. On January 7, 1999, the appellant, after serving the full sentence, was released from prison and placed on post-release control by the Ohio Adult Parole Authority ("APA").
On February 22, 1999, the appellant's parole/probation officer charged him with violating his post-release control for failure to keep scheduled appointments with the officer and being uncooperative with the APA. The appellant was arrested for this violation on June 12, 1999. On July 13, 1999, he appeared in Bellefontaine Municipal Court to answer to a charge of contempt for failure to appear. The appellant explained to the court why he had not appeared and was found not to be in contempt.
Also, as a result of the appellant's apparent failure to cooperate with the APA and not surrendering himself, he was charged with escape, a felony of the third degree, in violation of R.C. 2921.34. The appellant initially entered a plea of not guilty to this charge on June 12, 1999. Bond was set in the amount of $10,000 and the matter was bound over to the Logan County Court of Common Pleas to await an indictment. An indictment was returned on August 9, 1999 and the appellant was arraigned in Common Pleas Court three days later. He again entered a plea of not guilty and bond was set in the amount of $25,000. The appellant had the means to post bond, however, as soon as he would have posted bond, an APA detainer would have become effective and prevented the appellant from being released from jail.
On September 17, 1999, the appellant filed a petition for writ of habeas corpus. The appellant contends that R.C. 2967.28 (the post release control statute) is unconstitutional and therefore his restraint and imprisonment are unlawful. On October 22, 1999, the Logan County Court of Common Pleas denied the appellant's writ of habeas corpus. A hearing was subsequently held in front of the APA. The appellant was found guilty of violating his post-release control and the APA sentenced him to six months of incarceration. The appellant now appeals the trial court's denial of his writ of habeas corpus, asserting three assignments of error.
Assignment of Error No. 1
 Section 2967.28 of the Ohio Revised Code is unconstitutional on its face because it violates the doctrines of separation of powers and due process inherent in the United States Constitution and Ohio Constitution.
 Assignment of Error No. 2
 The trial court erred when it denied appellant's writ of habeas corpus because section 2967.28 is unconstitutional.
 Assignment of Error No. 3
 Appellant was subject to unlawful restraint and cruel and unusual punishment.
 For purposes of clarity and brevity, the appellant's assignments will be addressed simultaneously. The appellant argues that the General Assembly's delegation of power to the Ohio Adult Parole Authority, pursuant to R.C. 2967.28, violates the separation of powers doctrine by usurping the judicial authority. The appellant further contends that R.C. 2967.28
denies him his due process rights as well.
R.C. 2967.28(C) provides in pertinent part:
 Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include the requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.
 A post-release control violator may be subjected to a variety of sanctions administered by the APA including, increasing the period of post-release control, placement in county jail for up to six months, placement in a halfway-house or alternative housing, and a new prison term of up to half the stated prison term not exceeding nine months. R.C. 2967.28(A)(2) and (F)(3).
Both the Sixth and Eighth District Courts of Appeals have recently addressed the constitutional validity of R.C. 2967.28. These courts both held that R.C. 2967.28 is unconstitutional under both the United States and the Ohio Constitutions. Woods v. Telb
(June 23, 1999), Lucas App. No. L-99-1083, unreported, State v.Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported. InWoods and Jones, the courts struck down R.C. 2967.28 as unconstitutional under the due process clause and the separation of powers doctrine. R.C. 2967.28 mandates that the parole board may for any reason, without judicial scrutiny, impose post-release control on an offender who has served his entire original sentence. The parole board sets the standard of behavior, determines when there has been a violation of that standard, and applies the punishment for such a violation. This quasi-judicial function is not subject to notice, to a hearing, to review, or to any form of judicial scrutiny. State v. Jones, Cuyahoga App. No. 74247 at 3-4. The Woods court found this offensive to our system of justice and counter to our criminal jurisprudential history.
Having reviewed the record in this matter, the legal arguments presented, and the persuasive precedent set forth by our sister courts, we declare R.C. 2967.28 unconstitutional for the reasons set forth in both Woods and Jones. We find that R.C. 2967.28
violates both the separation of powers doctrine and the Due Process Clauses of the United States and Ohio Constitutions.
The trial court's denial of the appellant's writ of habeas corpus is reversed and it is ordered that the appellant be released and discharged from post-release control.
Judgment reversed.
 HADLEY, P.J.
 WALTERS and BRYANT, J.J., concur.